UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BENJAMIN CISNEROS, JESUS FLORES GARCIA, and SANDRO ARCENTALES, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> DEMAR LOGISTICS, INC. and GENE DOERR, <br><br> Defendants. | Case No. _____ |

## COMPLAINT

**I.  INTRODUCTION**

1. This is an action brought on behalf of current and former Illinois delivery drivers challenging Defendant DeMar Logistics, Inc.'s ("DeMar") unlawful practice of misclassifying delivery drivers as independent contractors instead of as employees.

2. Plaintiffs allege that, as a result of DeMar's misclassification, illegal deductions were made from their wages in violation of the Illinois Wage Payment and Collection Act ("IWPCA"), 820 Ill. Comp. Stat. 115/9; and that Defendant required them to bear business expenses in violation of 820 Ill. Comp. Stat. 115/9.5.

**II.  THE PARTIES**

3. Plaintiff Benjamin Cisneros is an adult resident of Bollingbrook, Illinois. Cisneros provided delivery services for DeMar in the State of Illinois as a delivery driver for 16 years, until the spring of 2021.

1

4. Plaintiff Jesus Flores Garcia is an adult of Joliet, Illinois. Flores Garcia provided delivery services for DeMar in the State of Illinois as a delivery driver from March 2011 until approximately June 2021.

5. Plaintiff Sandro Arcentales is an adult resident of Chicago, Illinois. Arcentales provided delivery services for DeMar in the State of Illinois as a delivery driver between approximately 2016 and 2020.

6. The above-named Plaintiffs bring this action on behalf of a class of similarly-situated individuals, namely, all other persons who contracted to provide delivery services for DeMar as delivery drivers in Illinois, who personally provided delivery services to DeMar, and who have either been classified as independent contractors or have not been paid or treated as employees.

7. Defendant DeMar Logistics, Inc. is an Illinois corporation with its headquarters in Carol Stream, Illinois. According to its website, DeMar provides "complete final mile delivery support through our fleet of liftgate equipped straight trucks" in "the greater Chicagoland area including Wisconsin, Northwest Indiana and Southern Illinois."[1]

8. Defendant Gene Doerr ("Doerr") is an adult resident of Carol Stream, Illinois. Doerr is the owner and president of DeMar, and has held this position at all times since founding the company in 1986.[2] Doerr is responsible for devising DeMar's business model and has at all relevant times been, responsible for classification and compensation decisions with regard to Plaintiffs and other delivery drivers.

**III.  JURISDICTION**

9. The Court has personal jurisdiction over Plaintiffs and the class they seek

---

[1] https://demarlogistics.com/Services (last visited August 9, 2021).
[2] https://demarlogistics.com/About-us (last visited August 9, 2021).

2

to represent because they are citizens of the State of Illinois and/or work in the State of Illinois.

10. The Court has personal jurisdiction over Defendant DeMar because it is an Illinois company that does business in the State of Illinois, and its conduct in the State of Illinois underlies all claims in this suit.

11. The Court also has personal jurisdiction over Defendant Doerr because Doerr is a resident of the state of Illinois, and his conduct as the owner and president of DeMar in the State of Illinois underlies all claims in this suit.

12. The Court has subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(2). Taken individually, Plaintiffs' claims exceed $75,000 and Plaintiffs' class claims in total exceed $5 million., exclusive of interest and costs.

13. On information and belief, some members of a putative class of plaintiffs are citizens of a State different from any defendant.

14. Notwithstanding their citizenship and residency, all Plaintiffs and putative class members worked for Defendant company in Illinois.

15. Venue is proper in this District pursuant to 28 U.S.C§ 1391(b)(2) because a substantial part of the events or omissions which gave rise to IWPCA violations occurred in the Northern District of Illinois.

**IV.    STATEMENT OF FACTS**

16. DeMar is in the business of providing the delivery of consumer goods to its customers.

17. DeMar provides delivery services in and around Illinois for companies such as Bed, Bath and Beyond, The Vitamin Shoppe, and Old Navy. In order to carry out this central function, DeMar purports to contract with individuals such as the Plaintiffs, to drive a delivery

truck and to deliver merchandise to various businesses and customer homes.

18. DeMar provides delivery services out of a warehouse in Carol Strem, Illinois.

19. Plaintiffs and other delivery drivers performed delivery services for DeMar. In order to receive such work, DeMar required the Plaintiffs to sign an agreement drafted by DeMar which stated that Plaintiffs were independent contractors.

20. Although DeMar classified the named Plaintiffs, as well as other class members, as independent contractors, the behavioral and financial control manifested over the drivers by DeMar, both under the terms of their contracts and in fact, demonstrates that they were, in fact, employees of DeMar.

21. Plaintiffs and other delivery drivers were required to report to DeMar facilities in Illinois as early as 2 AM., depending on the route assigned to them by DeMar, at which time they receive a list of deliveries which they must make.

22. Plaintiffs and other delivery drivers were required to make all the deliveries assigned to them by DeMar, and could not refuse a delivery.

23. The delivery manifests received by Plaintiffs and other delivery drivers instructed them as to the order in which deliveries are to be made, and locations where deliveries are to be made.

24. DeMar required Plaintiffs and other delivery drivers to have or lease a truck that meets specifications determined by DeMar. Plaintiffs and other delivery drivers were required to have a DeMar logo on their truck.

25. Plaintiffs and other delivery drivers worked for DeMar 16 hours a day, 5-7 days a week. Plaintiffs have worked exclusively for DeMar over the course of several years.

26. DeMar required Plaintiffs and other delivery drivers to follow its procedures for loading and unloading their trucks and making deliveries.

27. Plaintiffs and other delivery drivers performed work which is in the usual course of business of DeMar – i.e. the Plaintiffs performed last mile delivery services and DeMar is engaged in the business of providing delivery services to its customers.

28. Plaintiffs, as well as the other delivery drivers, have operated their delivery vehicles under DeMar's Department of Transportation number for all or part of their tenure at DeMar.

29. Plaintiffs and other delivery drivers did not have an independently established trade or business: they did not perform delivery services for anyone else while working for DeMar, and they were dependent upon DeMar for their work.

30. Plaintiffs and other delivery drivers did not negotiate with DeMar's customers regarding the rates charged for their services, and they did not contract with DeMar's customers independently.

31. According to the contracts DeMar required Plaintiffs and other drivers to sign, the drivers would receive a set amount per box of merchandise they delivered for DeMar.

32. DeMar made deductions and/or required Plaintiffs and other class members to bear business expenses that should have been borne by DeMar as follows:

   a. DeMar charged Plaintiffs and other delivery drivers for any boxes of merchandise which were missing or damaged. Plaintiffs could not appeal such charges.

   b. DeMar also charged Plaintiffs and other delivery drivers approximately $120 a week, for loaders, employed by DeMar, to load their trucks. DeMar continued to make these charges even when Plaintiffs and other drivers loaded their own trucks. Plaintiffs did not have the opportunity to dispute these charges.

   c. DeMar also charged Plaintiffs and other delivery drivers $50 a month for parking their trucks on a DeMar lot.

5

    d. DeMar also compelled Plaintiffs to incur certain other expenses which would normally be borne by an employer, including fuel costs, vehicle maintenance costs, and insurance payments. These expenses amounted to several hundred dollars a week per driver.

## V. CLASS ALLEGATIONS

33. Plaintiffs bring this case as a class action pursuant to Fed. R. Civ. P. 23 for the following class:

> All persons who contracted to provide delivery services and who have provided delivery driver services directly to DeMar in the State of Illinois at any time during the relevant statutory period, who were not treated as employees of DeMar.

34. The members of the class are so numerous that joinder of all members of the Class is impracticable. Plaintiffs believe that the Class numbers in the hundreds.

35. Common issues of law and fact predominate the claims of the entire Plaintiff Class. Specifically, all claims are predicated on a finding that DeMar misclassified its drivers as independent contractors when they were in fact employees. In short, the claims of the named Plaintiffs are identical to the claims of the class members.

36. The named Plaintiffs are adequate representatives of the class because all potential plaintiffs were subject to DeMar's uniform practices and policies. Further, the named Plaintiffs and the potential class plaintiffs have suffered the same type of economic damages as a result of DeMar's practices and policies.

37. Plaintiffs will fairly and adequately represent and protect the interests of the Class. Plaintiffs' counsel is competent and experienced in litigating large wage and hour class and collective actions.

38. Finally, a class action is the only realistic method available for the fair and

efficient adjudication of this controversy. The expense and burden of individual litigation makes it impractical for members of the Class to seek redress individually for the wrongful conduct alleged herein. Were each individual member required to bring a separate lawsuit, the resulting multiplicity of proceedings would cause undue hardship and expense for the litigants and the Court and create the risk of inconsistent rulings which would be contrary to the interest of justice and equity.

## Count I
## Illinois Wage Payment and Collection Act
## (Class Action)

39. Plaintiffs incorporate foregoing Paragraphs herein.

40. DeMar violated the IWPCA, 820 Ill. Comp. Stat. 115/9 by making unlawful deductions from Plaintiffs' pay.

41. DeMar also violated the IWPCA, 820 Ill. Comp. Stat. 115/9.5, by requiring Plaintiffs to bear business expenses which should have properly been borne by DeMar.

42. Plaintiffs seek reimbursement for all unlawful deductions taken by DeMar from their pay, and the expenses which DeMar unlawfully required them to incur.

43. On August 10, 2021, Plaintiffs sent a demand for reimbursement of their expenses to DeMar.

## Prayer for Relief

WHEREFORE, Plaintiffs request that the Court enter the following relief:

1. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23;

2. Restitution for all deductions taken from Plaintiffs' and the Class' pay;

3. Restitution for all of Defendants' operating expenses that Plaintiffs and the Class were forced to incur;

4. Attorney's fees and costs;

5. Any other relief to which the Plaintiffs and the Class members may be entitled.

DATED: August 20, 2021          Respectfully Submitted,

                                               BENJAMIN CISNEROS,
                                               JESUS FLORES GARCIA,
                                               and SANDRO ARCENTALES,
                                               individually and on behalf of
                                               all others similarly situated,

                                               By their attorneys,

/s/Douglas M. Werman
    Douglas M. Werman
    Werman Salas P.C.
    77 W Washington St, Ste 1402
    Chicago, IL 60602
    Phone: (312) 419-1008
    Fax: (312) 419-1025
    dwerman@flsalaw.com

    Harold L. Lichten
    (*pro hac vice* admission forthcoming)
    Olena Savytska
    (*pro have vice* admission forthcoming)
    LICHTEN & LISS-RIORDAN, P.C.
    729 Boylston Street., Ste. 2000
    Boston, MA 02116
    Tel. (617) 994 5800
    Fax (617) 994-5801
    hlichten@llrlaw.com
    osavytska@llrlaw.com